85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lyman CHRISTOPHER, Plaintiff-Appellant,
v.
CITY OF CHULA VISTA, a municipal corporation; Cora Benitez;
Gina Chammas; Cheryl Crutcher; Sandy Kissell;
John Goss; Sandi Somervell; Does 1
through 10, inclusive,
Defendants-Appellees.
 No. 94-56459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided May 6, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges; VAN SICKLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lyman Christopher, former Director of Finance of the City of Chula Vista, appeals the district court's order partially dismissing his action under 42 U.S.C. § 1983 and California state law against the City of Chula Vista, the City Manager, and several female City employees alleging, among other claims, that the
 
 
 4
 proceedings. The charges were only investigated." Christopher v. City of Chula Vista, No. 94-0955, at 13 (S.D.Cal. Sept. 12, 1994).
 
 
 5
 On appeal, Christopher concedes that no formal hearing took place, but he asserts that "the occurrence of a formal administrative proceeding is not an essential element of the cause of action." Christopher argues that California law allows him to satisfy the first requirement by showing that he suffered economic loss as a result of a maliciously initiated investigation. In support, Christopher relies on the following language from Imig:
 
 
 6
 Sometimes, however, the invasion of the plaintiff's legally protected interest occurs without a formal hearing, and it is the plaintiff who initiates the formal proceedings in order to secure reinstatement of his position or license. In such cases a malicious prosecution action may lie.
 
 
 7
 Imig, 138 Cal.Rptr. at 546 (citations omitted). Christopher's reliance on Imig is misplaced.
 
 
 8
 In Imig, a police officer brought a malicious prosecution action against a store manager who had complained about the officer's conduct. The store manager's complaint led to an investigation, which ultimately found that the store manager's accusations were groundless. Id. at 545. As a result of the investigation, the police department did not initiate formal proceedings against the officer. Id.
 
 
 9
 The California Court of Appeal held that the police department's investigation was insufficient to constitute malicious prosecution; however, the court noted that ambiguous language in the officer's complaint hinted at the possibility that the police chief may have suspended the officer pending the outcome of the investigation and "subject to the officer's right to request a hearing before a Board of Rights." Id. at 546.
 
 
 10
 The court observed that the officer could state a claim for malicious prosecution if he alleged and proved that he had been suspended and had been required to seek a hearing in order to obtain reinstatement. Id. at 546 (citing Hardy v. Vial, 311 P.2d 494 (Cal.1957) (fired as professor at state college as result of accusations of immorality, plaintiff was reinstated after initiating proceeding before State Personnel Board) and Melvin v. Pence, 130 F.2d 423, 424-25 (D.C.Cir.1942) (plaintiff's detective license was not renewed due to accusations, but was later reinstated after plaintiff initiated proceeding before License Denial and Revocation Board)). The Imig court reversed the order of dismissal "with directions to allow plaintiff a further opportunity to amend to attempt to state a cause of action for malicious prosecution." Id.
 
 
 11
 Contrary to Christopher's contention that Imig allows a plaintiff to make up for the lack of a formal proceeding by showing economic loss, Imig clearly reaffirms that California requires a plaintiff bringing a malicious prosecution action to allege and to prove the occurrence of a formal proceeding, whether initiated by the employer or by the plaintiff. Accordingly, the district court did not err in dismissing Christopher's action for malicious prosecution.
 
 II
 
 12
 We note that Christopher requested a name-clearing hearing pursuant to the City Charter,[1] but that he did not refer to this hearing in his complaint for malicious prosecution. At oral argument, counsel for Christopher acknowledged that although the City scheduled the name-clearing hearing, Christopher chose not to attend.
 
 
 13
 In light of Imig, Christopher may be able to establish the occurrence of a formal proceeding by amending his complaint to include reference to the name-clearing hearing. We observe that the district court concluded that this hearing "is connected to plaintiff's termination" and "is not a formal hearing" on the female defendants' discrimination claims. Christopher v. City of Chula Vista, No. 94-0955, at 13-14 (S.D.Cal. Sept. 12, 1994). Without reaching the merits of this conclusion by the district court, we emphasize that our decision to affirm the district court's dismissal of Christopher's malicious prosecution action is made without prejudice to Christopher amending his complaint to attempt to satisfy the requirement of a formal proceeding.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The City Charter provides that once a discharged employee demands a written statement of the reasons for dismissal, the City Council shall hold a public hearing to investigate the facts set forth in the written statement. See Charter of the City of Chula Vista, California § 500(b)